TERRY, APPELLEE, *v.* CITY OF TOLEDO ET AL., APPELLANTS.
TERRY, APPELLANT, *v.* CITY OF TOLEDO ET AL., APPELLEES.

[Cite as Terry v. City of Toledo, 1 Ohio St. 2d 163.]

(Nos. 38699 and 38806—Decided March 10, 1965.)

*Mr. Orin C. Clement,* for appellee in case No. 38699 and appellant in case No. 38806.

*Mr. Louis R. Young,* director of law, and *Mr. James W. Proctor,* for appellants in case No. 38699 and appellees in case No. 38806.

*Per Curiam.* These two causes involve a so-called fair housing ordinance of Toledo held invalid by the judgment of

the Court of Appeals for Lucas County. Each case is before us on an appeal from that judgment and on the claim that a substantial constitutional question is involved.

The judgment entry of the Court of Appeals in each case states in part (see also opinion, 194 N. E. 2d 877 at 880):

"Ordinance 682-61 of the city of Toledo is so indefinite and uncertain that enforcement of its provisions is impossible; there is no power vested in the fair housing board to require the attendance of witnesses or to take testimony under oath; and there are no penalty provisions for enforcement of its order."

An examination of that ordinance leads us to the same conclusion. That conclusion requires us to affirm the judgment of the Court of Appeals. Hence, it is not necessary for us to consider the other and additional reasons for its decision which are set forth by the Court of Appeals both in its judgment and in its opinion, although we recognize that some of those reasons are inconsistent with our conclusions in *Porter* v. *City of Oberlin*, 1 Ohio St. 2d 143.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL and HERBERT, JJ., concur.

SCHNEIDER, J., dissents.

BROWN, J., not participating.

SCHNEIDER, J., dissenting. Notwithstanding that the record if before us, might show that I would have to adhere to the position expressed in my concurring opinion in *Porter* v. *City of Oberlin*, 1 Ohio St. 2d 143, it seems to me that when a Court of Common Pleas and a Court of Appeals differ as to the constitutionality of an ordinance, the constitutional question involved is so substantial as to require that we not render final judgment in the absence of the record and briefs and arguments on the merits.